```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

UNITED STATES                   )
                                )
       Plaintiff,               )
                                )        1:06cr403 (JCC)
       v.                       )
                                )
RODNEY NELSON                   )
                                )
       Defendant.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on the sentencing of Rodney Nelson.

### I.  Background

On May 4, 2007, Defendant Rodney Nelson ("Nelson") pled guilty to one count of possession with intent to distribute 50 or more grams of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On June 6, 2007, a Pre-Sentence Report ("PSR") was prepared, recommending Defendant as a Category III offender with a total offense level of 29, including a four-level upward adjustment for using or possessing ammunition in connection with another felony offense and a three-level reduction for acceptance of responsibility and acceptance of responsibility and assisting authorities.  This offense level yields a statutorily restricted guideline range of

1

120-135 months.  Defendant objects to the four-level enhancement for using or possessing ammunition in connection with another felony offense and moves for a sentence at the low end of the guidelines.

## II.  Standard of Review

In *United States v. Booker*, the Supreme Court held 18 U.S.C. § 3553(b)(1) to be unconstitutional insofar as it made the United States Sentencing Guidelines mandatory.  *United States v. Booker*, 125 S.Ct. 738, 755-56 (2005).  The Court thus severed the unconstitutional portion of § 3553, rendering the Sentencing Guidelines advisory.  *Id.*, 125 S.Ct. at 756-57.  In *United States v. Hughes*, the Fourth Circuit stated:

> Consistent with the remedial scheme set forth in *Booker*, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.  Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).  The Court realizes that it may depart upwards or downwards from the Guideline range for mitigating or aggravating factors in this case.

## III. Analysis

The Government argues that the four-level enhancement for using or possessing ammunition in connection with another felony offense is proper because, in general, the round of

ammunition Nelson possessed had the potential to facilitate another offense.  The Guidelines allows the Court to increase a defendant's offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or ... with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6).  The Guidelines Commentary states that subsection (b)(6) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense."  *Id.*  Nelson argues that the one round of ammunition neither facilitated nor had the potential to facilitate his drug trafficking crime, since "unlike a firearm a round of ammunition could not be used to protect drugs or the proceeds of drug sales."  Def.'s Position with Regard to Sentencing Factors.

The Fourth Circuit has held that "'in connection with' is treated as analogous to 'in relation to,' as used in 18 U.S.C. § 924(c) (2000).  That is, the firearm [or ammunition] must facilitate or have the tendency to facilitate another offense. *United States v. Davis*, 86 Fed. Appx. 556, 559 (4th Cir. 2004) (citing *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003)). In order to apply the enhancement, "[t]he government has the burden of proving the necessary facts by a preponderance of the evidence," particularly that the ammunition had "some purpose

or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (internal citations omitted).  In this case, the government has not established any evidence that the ammunition had a purpose or connection to the drug trafficking offense, and cannot point to another felony that the ammunition possession was related to.  The PSR states that "the round of ammunition did have the potential to facilitate another offense, in general," but does not point to any specific offense alleged to have been committed by this individual.  This Court finds that the mere possibility that the ammunition could have been used in an unknown, unidentified separate offense is, under Fourth Circuit law, insufficient to warrant a four-level increase in offense level.

### IV. Conclusion

For the foregoing reasons, this Court grants Defendant's Motion to strike the four-level U.S.S.G. § 2K2.1(b)(6) enhancement.

An appropriate order will issue.


November 2, 2007                             /s/
                                     James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE